UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Walter E. Myrick


   v.                                                   Civil No. 05-cv-051-SM


Warden, New Hampshire State Prison


**O R D E R**


   Walter Myrick filed a petition for a writ of habeas corpus[1] pursuant to 28 U.S.C. § 2254 alleging that his continued imprisonment pursuant to a 1996 state sentence violates his constitutional rights. Myrick's initial petition alleged that these claims had been presented to the state trial court, but admitted that no appeal had been taken to the New Hampshire

---

[1] Myrick filed his initial petition on February 11, 2005 (document nos. 3 & 4). In response to this Court's Order to amend his petition (document no. 6), Myrick filed an amended petition on May 16, 2005 (document no. 8), status reports on August 23, 2005, October 2, 2005 and November 22, 2005 (document nos. 14-16), and a motion to lift stay on December 7, 2005 (document no. 17). To the extent that Myrick intends to provide information regarding the factual predicates for his constitutional habeas claims or information regarding exhaustion of those claims in his pleadings, I accept all of the pleadings listed here as addenda to his original habeas petition and will consider all of the information contained therein for purposes of conducting this Court's preliminary review of the habeas petition in this case.

Supreme Court ("NHSC").  Further, while some post-conviction litigation had occurred in the state courts, Myrick's original petition in this Court did not make clear that the federal nature of the claims in this action had ever been presented to any state court for consideration.  Myrick was directed to amend his petition to clarify his intention to proceed with state court exhaustion of his claims, including the federal nature of those claims, and to notify this Court of the progress of the state court proceedings.  Myrick's federal habeas petition was stayed pending the outcome of the state court proceedings.

   Petitioner has now notified the Court that he has sought appellate review in the NHSC of the claims presented in his habeas petition, and that the NHSC has declined to accept his appeal.  Petitioner has provided this Court with a copy of the notice of appeal that was submitted to the NHSC.  However, the notice of appeal, while setting out the factual basis for Myrick's claims, does not state the federal nature of the claims that Myrick seeks to pursue here.  Specifically, Myrick has not yet demonstrated that he has an actionable claim that he is being held in custody in violation of the Constitution, laws, or treaties of the United States.  I find, therefore, that Myrick

has not yet demonstrated exhaustion of his federal habeas claims.

To date, Myrick has proceeded in this matter *pro se*. At this time, in the interests of justice, I will appoint counsel to assist Myrick. Counsel is directed to assist Myrick in properly exhausting his claims, if in fact they are still unexhausted, and then to properly amend Myrick's petition in this Court to demonstrate exhaustion. Accordingly, I appoint Attorney Christopher Johnson, Chief Appellate Defender of the New Hampshire Public Defender program, to represent the petitioner in this matter. Mr. Johnson may employ the services of an assistant appellate defender working under his supervision to fulfill the obligations of the appointment, and he may claim compensation for such services pursuant to The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(b) (permitting discretionary appointment of counsel to indigent person seeking relief under 28 U.S.C. § 2254 when the interests of justice so require).

Now that he has the assistance of counsel, I direct Myrick once again to file notification in this Court as to how he intends to proceed in this matter. If Myrick is planning to return to the state court to fully exhaust any claims that may be unexhausted, he must so notify this Court and again request a

stay of this matter.  If Myrick has already exhausted his claims in the state court, he must amend his petition within thirty days of the date of this Order to demonstrate such exhaustion.  With his amended petition, Myrick would be well-advised to provide this Court with all of the documentation submitted to the NHSC that demonstrates that the claims and the federal nature of the claims have in fact been presented for review in that Court.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     January 17, 2006

cc:       Walter Myrick, *pro se*
          Christopher M. Johnson, Esq.